UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MARTIN, individually<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF HEMET, COUNTY OF RIVERSIDE; ANDREW REYNOSO; BRIAN WOOD; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 5:18-cv-02377-JGB (KKx)<br>[Honorable Jesus G. Bernal]<br><br>**DISCOVERY MATTER**<br><br>**[PROPOSED] PROTECTIVE ORDER**<br><br>Magistrate Judge:<br>Hon. Kenly Kiya Kato |

Having reviewed the parties' Stipulation for a Protective Order and finding good cause therefor, it is hereby Ordered that:

## 1.   INTRODUCTION

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. This action is likely to involve the production of peace officer personnel materials, including but not limited to citizen complaints and internal affairs investigation materials for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

1   Such confidential and proprietary materials and information consist of, among other

2   things, information otherwise generally unavailable to the public, or which may be

3   privileged or otherwise protected from disclosure under state or federal statutes,

4   court rules, case decisions, or common law.  Accordingly, to expedite the flow of

5   information, to facilitate the prompt resolution of disputes over confidentiality of

6   discovery materials, to adequately protect information the parties are entitled to

7   keep confidential, to ensure that the parties are permitted reasonable necessary uses

8   of such material in preparation for and in the conduct of trial, to address their

9   handling at the end of the litigation, and serve the ends of justice, a protective order

10  for such information is justified in this matter.

11  **2.      DEFINITIONS**

12          **2.1**     Action: the above-captioned lawsuit of *Michael Martin vs. City of*

13  *Hemet*, USDC Case No. 5:18-cv-02377-JGB (KKx).

14          **2.2**     Challenging Party: a Party or Non-Party that challenges the

15  designation of information or items under this Order.

16          **2.3**     "CONFIDENTIAL" Information or Items: information (regardless of

17  how it is generated, stored or maintained) or tangible things that qualify for

18  protection under Federal Rule of Civil Procedure 26(c), and as specified above in

19  the Good Cause Statement.

20          **2.4**     Counsel: Outside Counsel of Record and House Counsel (as well as

21  their support staff).

22          **2.5**     Designating Party: a Party or Non-Party that designates information or

23  items that it produces in disclosures or in responses to discovery as

24  "CONFIDENTIAL."

25          **2.6**     Disclosure or Discovery Material: all items or information, regardless

26  of the medium or manner in which it is generated, stored, or maintained (including,

27  among other things, testimony, transcripts, and tangible things), that are produced

28  or generated in disclosures or responses to discovery in this matter.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 2 -                                                        5:18-CV-02377-JGB (KK)
                                                            [PROPOSED] PROTECTIVE ORDER

**2.7**  <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

**2.8**  <u>House Counsel</u>: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

**2.9**  <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

**2.10**  <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

**2.11**  <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

**2.12**  <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

**2.13**  <u>Professional Vendors</u>: persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

**2.14**  <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

**2.15**  <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.  <u>SCOPE</u>**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

5:18-CV-02377-JGB (KK)
[PROPOSED] PROTECTIVE ORDER

extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

## 4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5.    DESIGNATING PROTECTED MATERIAL

**5.1**    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

1    If it comes to a Designating Party's attention that information or items that it

2    designated for protection do not qualify for protection, that Designating Party must

3    promptly notify all other Parties that it is withdrawing the inapplicable designation.

4    **5.2**    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in

5    this Order (*see*, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise

6    stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

7    under this Order must be clearly so designated before the material is disclosed or

8    produced.

9    Designation in conformity with this Order requires:

10    (a)    for information in documentary form (*e.g.*, paper or electronic

11    documents, but excluding transcripts of depositions or other pretrial or trial

12    proceedings), that the Producing Party affix at a minimum, the legend

13    "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that

14    contains protected material.  If only a portion or portions of the material on a page

15    qualifies for protection, the Producing Party also must clearly identify the protected

16    portion(s) (*e.g.*, by making appropriate markings in the margins).

17    A Party or Non-Party that makes original documents available for inspection

18    need not designate them for protection until after the inspecting Party has indicated

19    which documents it would like copied and produced.  During the inspection and

20    before the designation, all of the material made available for inspection shall be

21    deemed "CONFIDENTIAL."  After the inspecting Party has identified the

22    documents it wants copied and produced, the Producing Party must determine

23    which documents, or portions thereof, qualify for protection under this Order.

24    Then, before producing the specified documents, the Producing Party must affix the

25    "CONFIDENTIAL" legend to each page that contains Protected Material.  If only a

26    portion or portions of the material on a page qualifies for protection, the Producing

27    Party also must clearly identify the protected portion(s) (*e.g.*, by making

28    appropriate markings in the margins).

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 5 -

5:18-CV-02377-JGB (KK)
[PROPOSED] PROTECTIVE ORDER

1    (b)    for testimony given in depositions that the Designating Party

2    identify the Disclosure or Discovery Material of all protected testimony on the

3    record, before the close of the deposition.

4    (c)    for information produced in some form other than documentary

5    and for any other tangible items, that the Producing Party affix in a prominent place

6    on the exterior of the container or containers in which the information is stored the

7    legend "CONFIDENTIAL."  If only a portion or portions of the information

8    warrants protection, the Producing Party, to the extent practicable, shall identify the

9    protected portion(s).

10    **5.3**    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent

11    failure to designate qualified information or items does not, standing alone, waive

12    the Designating Party's right to secure protection under this Order for such

13    material.  Upon timely correction of a designation, the Receiving Party must make

14    reasonable efforts to assure that the material is treated in accordance with the

15    provisions of this Order.

16    **6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>**

17    **6.1**    <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a

18    designation of confidentiality at any time that is consistent with the Court's

19    Scheduling Order.

20    **6.2**    <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute

21    resolution process under Local Rule 37-1 *et seq*.

22    **6.3**    The burden of persuasion in any such challenge proceeding shall be on

23    the Designating Party.  Frivolous challenges, and those made for an improper

24    purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other

25    parties) may expose the Challenging Party to sanctions.  Unless the Designating

26    Party has waived or withdrawn the confidentiality designation, all parties shall

27    continue to afford the material in question the level of protection to which it is

28    entitled under the Producing Party's designation until the Court rules on the

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

5:18-CV-02377-JGB (KK)
[PROPOSED] PROTECTIVE ORDER

1  challenge.

2  **7.      ACCESS TO AND USE OF PROTECTED MATERIAL**

3      **7.1**    Basic Principles.  A Receiving Party may use Protected Material that is

4  disclosed or produced by another Party or by a Non-Party in connection with this

5  Action only for prosecuting, defending, or attempting to settle this Action.  Such

6  Protected Material may be disclosed only to the categories of persons and under the

7  conditions described in this Order.  When the Action has been terminated, a

8  Receiving Party must comply with the provisions of section 13 below (FINAL

9  DISPOSITION).

10      Protected Material must be stored and maintained by a Receiving Party at a

11  location and in a secure manner that ensures that access is limited to the persons

12  authorized under this Order.

13      **7.2**    Disclosure of "CONFIDENTIAL" Information or Items.  Unless

14  otherwise ordered by the court or permitted in writing by the Designating Party, a

15  Receiving Party may disclose any information or item designated

16  "CONFIDENTIAL" only to:

17          (a)    the Receiving Party's Outside Counsel of Record in this Action,

18  as well as employees of said Outside Counsel of Record to whom it is reasonably

19  necessary to disclose the information for this Action;

20          (b)    the officers, directors, and employees (including House

21  Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this

22  Action;

23          (c)    Experts (as defined in this Order) of the Receiving Party to

24  whom disclosure is reasonably necessary for this Action and who have signed the

25  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

26          (d)    the court and its personnel;

27          (e)    court reporters and their staff;

28          (f)    professional jury or trial consultants, mock jurors, and

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 7 -

5:18-CV-02377-JGB (KK)
[PROPOSED] PROTECTIVE ORDER

1 Professional Vendors to whom disclosure is reasonably necessary for this Action

2 and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

3 A);

4 (g) the author or recipient of a document containing the information

5 or a custodian or other person who otherwise possessed or knew the information;

6 (h) during their depositions, witnesses, and attorneys for witnesses,

7 in the Action to whom disclosure is reasonably necessary provided: (1) the

8 deposing party requests that the witness sign the form attached as Exhibit A hereto;

9 and (2) they will not be permitted to keep any confidential information unless they

10 sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless

11 otherwise agreed by the Designating Party or ordered by the court.  Pages of

12 transcribed deposition testimony or exhibits to depositions that reveal Protected

13 Material may be separately bound by the court reporter and may not be disclosed to

14 anyone except as permitted under this Stipulated Protective Order; and

15 (i) any mediator or settlement officer, and their supporting

16 personnel, mutually agreed upon by any of the parties engaged in settlement

17 discussions.

18 **8. PROTECTED MATERIAL SUBPOENAED OR ORDERED**

19 **PRODUCED IN OTHER LITIGATION**

20 If a Party is served with a subpoena or a court order issued in other litigation

21 that compels disclosure of any information or items designated in this Action as

22 "CONFIDENTIAL," that Party must:

23 (a) promptly notify in writing the Designating Party. Such

24 notification shall include a copy of the subpoena or court order;

25 (b) promptly notify in writing the party who caused the subpoena or

26 order to issue in the other litigation that some or all of the material covered by the

27 subpoena or order is subject to this Protective Order.  Such notification shall

28 include a copy of this Stipulated Protective Order; and

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 8 -

5:18-CV-02377-JGB (KK)
[PROPOSED] PROTECTIVE ORDER

1    (c)    cooperate with respect to all reasonable procedures sought to be

2  pursued by the Designating Party whose Protected Material may be affected.

3        If the Designating Party timely seeks a protective order, the Party served with

4  the subpoena or court order shall not produce any information designated in this

5  action as "CONFIDENTIAL" before a determination by the court from which the

6  subpoena or order issued, unless the Party has obtained the Designating Party's

7  permission.  The Designating Party shall bear the burden and expense of seeking

8  protection in that court of its confidential material and nothing in these provisions

9  should be construed as authorizing or encouraging a Receiving Party in this Action

10  to disobey a lawful directive from another court.

11  **9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE**

12  **PRODUCED IN THIS LITIGATION**

13        (a)    The terms of this Order are applicable to information produced

14  by a Non-Party in this Action and designated as "CONFIDENTIAL."  Such

15  information produced by Non-Parties in connection with this litigation is protected

16  by the remedies and relief provided by this Order.  Nothing in these provisions

17  should be construed as prohibiting a Non-Party from seeking additional protections.

18        (b)    In the event that a Party is required, by a valid discovery

19  request, to produce a Non-Party's confidential information in its possession, and the

20  Party is subject to an agreement with the Non-Party not to produce the Non-Party's

21  confidential information, then the Party shall:

22        (1)    promptly notify in writing the Requesting Party and the

23              Non-Party that some or all of the information requested is

24              subject to a confidentiality agreement with a Non-Party;

25        (2)    promptly provide the Non-Party with a copy of the

26              Stipulated Protective Order in this Action, the relevant

27              discovery request(s), and a reasonably specific description

28              of the information requested; and

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 9 -

5:18-CV-02377-JGB (KK)
[PROPOSED] PROTECTIVE ORDER

1    (3)    make the information requested available for inspection

2    by the Non-Party, if requested.

3    (c)    If the Non-Party fails to seek a protective order from this court

4   within 14 days of receiving the notice and accompanying information, the

5   Receiving Party may produce the Non-Party's confidential information responsive

6   to the discovery request. If the Non-Party timely seeks a protective order, the

7   Receiving Party shall not produce any information in its possession or control that

8   is subject to the confidentiality agreement with the Non-Party before a

9   determination by the court.  Absent a court order to the contrary, the Non-Party

10   shall bear the burden and expense of seeking protection in this court of its Protected

11   Material.

12   **10.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>**

13   If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

14   Protected Material to any person or in any circumstance not authorized under this

15   Stipulated Protective Order, the Receiving Party must immediately (a) notify in

16   writing the Designating Party of the unauthorized disclosures, (b) use its best

17   efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the

18   person or persons to whom unauthorized disclosures were made of all the terms of

19   this Order, and (d) request such person or persons to execute the "Acknowledgment

20   and Agreement to Be Bound" that is attached hereto as Exhibit A.

21   **11.    <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE</u>**

22   **<u>PROTECTED MATERIAL</u>**

23   When a Producing Party gives notice to Receiving Parties that certain

24   inadvertently produced material is subject to a claim of privilege or other

25   protection, the obligations of the Receiving Parties are those set forth in Federal

26   Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify

27   whatever procedure may be established in an e-discovery order that provides for

28   production without prior privilege review.  Pursuant to Federal Rule of Evidence

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 10 -

5:18-CV-02377-JGB (KK)
[PROPOSED] PROTECTIVE ORDER

502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

## 12. MISCELLANEOUS

**12.1** Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

**12.2** Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**12.3** Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. However, only the portions of documents, including briefs, exhibits, or any other moving or opposing papers that contain Protected Material need to be filed under seal. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

## 13. FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 11 -

5:18-CV-02377-JGB (KK)
[PROPOSED] PROTECTIVE ORDER

1  Receiving Party must submit a written certification to the Producing Party (and, if
2  not the same person or entity, to the Designating Party) by the 60 day deadline that
3  (1) identifies (by category, where appropriate) all the Protected Material that was
4  returned or destroyed and (2) affirms that the Receiving Party has not retained any
5  copies, abstracts, compilations, summaries or any other format reproducing or
6  capturing any of the Protected Material.  Notwithstanding this provision, Counsel
7  are entitled to retain an archival copy of all pleadings, motion papers, trial,
8  deposition, and hearing transcripts, legal memoranda, correspondence, deposition
9  and trial exhibits, expert reports, attorney work product, and consultant and expert
10 work product, even if such materials contain Protected Material.  Any such archival
11 copies that contain or constitute Protected Material remain subject to this Protective
12 Order as set forth in Section 4 (DURATION).

13 **14.     PUNISHMENT FOR VIOLATION OF THIS ORDER**

14      Any violation of this Order may be punished by any and all appropriate
15 measures including, without limitation, contempt proceedings and/or monetary
16 sanctions.

17      **FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

18

19 Dated:  April 17, 2019

20                                        Hon. Kenly Kiya Kato
                                         United States Magistrate Judge

21

22

23

24

25

26

27

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

5:18-CV-02377-JGB (KK)
[PROPOSED] PROTECTIVE ORDER

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under

penalty of perjury that I have read in its entirety and understand the Stipulated

Protective Order that was issued by the United States District Court for the Central

District of California on _____ [date] in the case of *Michael Martin vs. City

of Hemet*, USDC Case No. 5:18-cv-02377-JGB (KKx).  I agree to comply with and

to be bound by all the terms of this Stipulated Protective Order and I understand

and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt.  I solemnly promise that I will not disclose in

any manner any information or item that is subject to this Stipulated Protective

Order to any person or entity except in strict compliance with the provisions of this

Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action. I hereby appoint _____ [print or

type full name] of _____ [print or type full address and

telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Stipulated Protective

Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES